# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MOLLY CASHIOLA, | ) | CASE NO. 5:19-cv-922 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| FRANCOIS RISHA d/b/a FRANCOIS LOUNGE., | ) | |
| | ) | |
| DEFENDANT. | ) | |

On April 24, 2019, Plaintiff Molly Cashiola brought suit against defendant Francois Risha d/b/a Francois Lounge, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Ohio law. (Doc. No. 1 (Complaint ["Compl."].) Now before the Court is the parties' Joint Motion to Approve Settlement. (Doc. No. 14-1 ["Joint Motion"].) Because the Court finds that the settlement represents a fair resolution of plaintiff's claims, the Joint Motion is granted and the settlement is approved.

**I. BACKGROUND**

Plaintiff alleges that she worked, at all times relevant to this action, as an exotic dancer in defendant's Akron, Ohio-based gentlemen's club. Plaintiff alleges that defendant misclassified her as an independent contractor rather than an employee during the time she purportedly performed in defendant's establishment. Arising from the alleged misclassification, plaintiff maintains that she was not properly compensated under the FLSA and Ohio law. Defendant asserts that plaintiff was properly classified as an independent contractor and denies violating

any wage and hour laws associated with plaintiff's performances at the club. Defendant also insists that plaintiff inflated the number of hours she worked for defendant.

In an effort to facilitate resolution, the parties participated in ongoing settlement discussions and arms-length negotiations. The parties subsequently entered into a written settlement (Doc. No. 14-2 ["Settlement Agreement"]), and filed the present motion to approve the Settlement Agreement.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The Joint Motion confirms the same. As set forth above, the parties sharply disagree as to the proper classification of plaintiff with respect to her work at defendant's club, and the parties further disagree over the number of hours plaintiff actually

worked. In fact, there is a factual dispute as to whether plaintiff ever performed in defendant's club, and whether the money plaintiff allegedly received from defendant's customers exceeded defendant's alleged minimum wage obligation.

Having reviewed the terms of the Settlement Agreement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion.

With respect to the monetary awards to plaintiff, the Court notes that the payments represent damages exceeding what defendant maintains club records would support but less than what a reasonable juror might have awarded if plaintiff prevailed on all of her legal claims and factual allegations. As for the award of attorney's fees to plaintiff's counsel, the Court finds that the award is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome provides substantial relief to plaintiff. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court approves the settlement. The claims in plaintiff's complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.


Dated: December 5, 2019

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**